# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| **DAVID OPPENHEIMER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 1:19-cv-282-MR** |
| ) | |
| **EPISCOPAL COMMUNICATORS, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Episcopal Communicators, Inc., ("Defendant" and "EC"), by and through its undersigned counsel, hereby responds to the Complaint filed by Plaintiff David Oppenheimer ("Plaintiff"). Except as expressly admitted below, Defendant denies each and every allegation of Plaintiff's Complaint.

## JURISDICTION/VENUE

1. Defendant admits that Plaintiff's Complaint purports to raise claims under the Copyright Act. Except as expressly admitted, Defendant denies Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. Defendant does not dispute that this Court has subject matter jurisdiction over Plaintiff's claims asserted in the Complaint. For purposes of this case, Defendant does not dispute that personal jurisdiction and venue are proper in this Court. To the extent a further response is required, Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

## THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4. Defendant admits that it is a District of Columbia corporation. Defendant denies the remaining allegations of Paragraph 4 of the Complaint.

## INTRODUCTORY FACTS

5. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. The first sentence of Paragraph 7 of the Complaint states a legal conclusion to which no response is required. The second sentence of Paragraph 7 attaches a document that speaks for itself. The third sentence states a legal conclusion to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 8 of the Complaint, and therefore denies the same. Defendant denies having any notice or prior knowledge of Plaintiff's alleged copyright rights prior to receipt of Plaintiff's letter in March 2018. Defendant denies that it is "well-versed" in intellectual property and rights management, but admits it is generally aware of and respects intellectual property rights of others. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Complaint and what Plaintiff discovered, and therefore denies the same.

10. Denied.

11. Defendant admits that it received a letter from Plaintiff's attorney that speaks for itself. Defendant denies any further allegations in Paragraph 11 of the Complaint.

12. Defendant admits that the parties engaged in settlement negotiations. The remaining allegations of paragraph 12 are denied.

## CAUSES OF ACTION
### COUNT I – ALLEGED NON-WILLFUL COPYRIGHT INFRINGEMENT

13. Defendant incorporates its responses to Paragraphs 1-12 of the Complaint as if fully set forth herein.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. Defendant denies any infringement or other wrongdoing. To the extent any further response is required, Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. Defendant denies that Plaintiff is entitled to any relief and the factual allegations of Paragraph 15 are denied. To the extent any further response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

### COUNT II – ALLEGED RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

16. Defendant incorporates its responses to Paragraphs 1-15 of the Complaint as if fully set forth herein.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. Defendant denies any infringement or other wrongdoing. To the extent any further response is required, Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is "well-versed" in intellectual property and rights management, but admits it is generally aware of and respects intellectual property rights of others. Defendant denies any infringement or other wrongdoing. Defendant lacks knowledge

sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph 18 of the Complaint, and therefore denies the same. To the extent any further response is required, Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff has suffered any harm from any act of Defendant. To the extent any further response is required, Defendant denies the allegations of Paragraph 19 of the Complaint. The factual allegations in Paragraph 19 are denied.

### COUNT III- ALLEGED VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

20. Defendant incorporates their responses to Paragraphs 1-19 of the Complaint as if fully set forth herein.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff is entitled to any relief. To the extent any further response is required, Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff is entitled to any relief. To the extent any further response is required, Defendant denies the allegations of Paragraph 27 of the Complaint.

## ALLEGED CAUSATION/DAMAGES

28. Defendant denies any infringement or other wrongdoing. Defendant denies Plaintiff is entitled to any relief or that Defendant has damaged Plaintiff in any way. Paragraph 28 of the Complaint otherwise states legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations of Paragraph 28 of the Complaint.

## ALLEGED RELIEF REQUESTED

29. Paragraph 29 of the Complaint states a demand to which no response is required. To the extent any response is required, denied.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff is entitled to any relief. To the extent any further response is required, denied.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff is entitled to any relief. To the extent any further response is required, denied.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff is entitled to any relief. To the extent any further response is required, denied.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. Defendant denies that Plaintiff is entitled to any relief. To the extent any further response is required, denied.

## ALLEGED JUDGEMENT DEMANDS

Defendant denies that Plaintiff is entitled to any relief at all for the allegations contained in the Complaint, and respond more particularly to Plaintiff's specific demands as follows.

34. Paragraph 34 states a demand to which no response is required. To the extent any response is required, denied.

35. Paragraph 35 states a demand to which no response is required. To the extent any response is required, denied.

36. Paragraph 36 states a demand to which no response is required. Defendant specifically denies any infringement of Plaintiff's rights. To the extent any further response is required, denied.

37. Paragraph 37 states a demand to which no response is required. Defendant specifically denies any infringement of Plaintiff's rights. To the extent any further response is required, denied.

38. Paragraph 38 states a demand to which no response is required. Defendant denies Plaintiff is entitled to any relief from Defendant. To the extent any further response is required, denied.

39. Paragraph 39 states a demand to which no response is required. Defendant denies Plaintiff is entitled to any relief from Defendant. To the extent any further response is required, denied.

40. Paragraph 40 states a demand to which no response is required. Defendant denies Plaintiff is entitled to any relief from Defendant. To the extent any further response is required, denied.

41. Paragraph 41 states a demand to which no response is required. Defendant denies Plaintiff is entitled to any relief from Defendant. To the extent any further response is required, denied.

42. Paragraph 42 states a demand to which no response is required. Defendant denies Plaintiff is entitled to any relief from Defendant. To the extent any further response is required, denied.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted above are denied.

## JURY DEMAND

Defendant requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following affirmative defenses to the claims in the Complaint, undertaking the burden of proof only as required by law. Defendant reserves the right to amend this Answer or assert additional defenses as additional information becomes available and/or is discovered.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged copyright rights are invalid.

## SECOND AFFIRMATIVE DEFENSE
### (License)

Plaintiff's claims and/or damages are barred in whole or in part because Defendant obtained an express or implied license to the image in question.

## THIRD AFFIRMATIVE DEFENSE
### (Invalid Registration)

Plaintiff's claims are barred in whole or in part because Plaintiff's asserted registration is deficient.

## FOURTH AFFIRMATIVE DEFENSE
**(No Damages)**

Without admitting that Plaintiff has stated a claim, Plaintiff has suffered no damages, in any amount or any form, by reason of any act of any Defendant.

## FIFTH AFFIRMATIVE DEFENSE
**(Copyright Misuse)**

Plaintiffs have engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Act, and/or North Carolina common law, and any other defenses, at law or in equity, based on discovery and further factual investigation in this case.

Dated: January 21, 2020

Respectfully Submitted,

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam
rvanarnam@williamsmullen.com
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4055
Facsimile: (919) 981-4300
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will distribute electronic notice to all counsel of record.

Dated: January 21, 2020

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam