# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. CA 1:19-CV-282-MR

| | |
|---|---|
| DAVID OPPENHEIMER,<br><br>Plaintiff,<br><br>vs.<br><br>EPISCOPAL COMMUNICATORS, INC.<br><br>Defendant | **PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO EPISCOPAL COMMUNICATORS, INC.'S FIRST INTERROGATORIES** |

NOW COMES Plaintiff, David Oppenheimer, and submits Plaintiff's First Supplemental Objections and Answers to Episcopal Communicators, Inc.'s First Interrogatories.

Plaintiff reserves the right to supplement or amend these answers pursuant to Fed.R.Civ.Pro. and/or any applicable Scheduling Order of the Court.

**1.  Date: June 8, 2020**                                **LEJUNE LAW FIRM**

By:   *s/Dana A. LeJune*
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
Scott M. Francis
Texas Bar No.: 24088795
Email: scott@triallawyers.net
1225 North Loop W., Ste. 825
Houston, Texas 77008
Ofc:  713.942.9898
Facsimile:  713.942.9899

**NORTH CAROLINA OFFICE:**
7 Orchard Street
Suite 200
Asheville, NC 28801

1

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, the undersigned served the foregoing *Plaintiff's Fist Supplemental Objections and Answers to Defendant's First Discovery Request* using electronic mail to the email addresses on file with the U.S. Court ECF filing system.

/s Dana A. LeJune

## OBJECTIONS AND ANSWERS

1. If You ever have been a party to any civil lawsuit or civil action (excluding this Action), provide the basis thereof and where applicable identify any alleged copyright rights and/or allegedly copyrightable works at issue, the date, the names of the parties, the title of each action, the relevant court and civil action number, your relationship to the civil action, and the outcome of the civil action or settlement, including where applicable amount(s) of any judgment or award, and/or financial terms of any associated settlement and any amount(s) paid or otherwise obtained by You.

   RESPONSE:

   Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation, and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered – that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

Subject to and without waiver of these objections, all such records are publically available at pacer.gov.

2. Identify all instances in which You asserted rights in the Asserted Image against any third party, other than this Action, including any allegations of infringement, and any amount(s) recovered by You for each such instance.

RESPONSE:

Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation, and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered – that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

Subject to and without waiver of these objections:

- *Oppenheimer v. Kenney*, CA No. 1:18-cv-00252, Western District of North Carolina, Sept. 5, 2018
- *Alliance of Devine Love, Inc.* – *no lawsuit has been filed*

3. To the extent not identified in response to Interrogatories 1 and 2, identify all instances in which you have asserted rights in any copyright rights against any third party, other than this Action, and any amount(s) recovered by You for each such instance.

RESPONSE:

Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation, and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered –

that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

Subject to and without waiver of these objections, all such records are publically available at pacer.gov.

4. Describe in detail how, when, where, and in what format You created the Asserted Image, and if applicable, how and when you added any copyright notices, watermarks, or otherwise modified the Asserted Image.

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is vague and ambiguous; using the term "format" as it relates to the creation of a photograph without providing definition and/or context.

Subject to and without waiver of this objection, the Asserted Work was originally created by Plaintiff on or about October 11, 2014 using a Nikon D810 camera while flying in Western North Carolina in a low flying aircraft with the camera being held outside a partially opened canopy. The Asserted Work was taken in Nikon NEF format (Raw). Plaintiff then added his copyright notice as a watermark on the face of the image, as well as the caption of the work as published on performanceimpressions.com, and in the metadata which read "© 2014 David Oppenheimer."

5. Identify all licenses, assignments, transfers, agreements, settlements, or other permissions, written or otherwise, in which You have granted to any person any right or rights associated with the Asserted Image and/or the right to use the Asserted Image in any way, including where applicable the amount(s) paid to you for granting any such rights, and any limitations or obligations imposed on the person(s) right to use the Asserted Image (including, but not limited to, any obligation to mark with a copyright notice, include a water mark, include attribution, etc.).

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is overly broad, unduly burdensome, vague, ambiguous and unlimited as to time or scope. Plaintiff runs a sole proprietor business and does not have the capability of conducting a global search of this

4

42114389_1

Case 1:19-cv-00282-MR   Document 16-9   Filed 06/19/20   Page 5 of 9

magnitude. Plaintiff further objects to this interrogatory because it calls for information that is confidential, proprietary business and/or trade secret information which, if disclosed could give Defendants a competitive advantage. Plaintiff finally objects to this interrogatory because it is unrelated to any claim or defense of the parties to this litigation and, therefore, not proportional to the needs of the case.

Subject to and without waiver of this objection, after a diligent search, Plaintiff is unable to find responsive information. Plaintiff reserves the right to supplement this answer as discovery has just begun.

6. Identify all communications between You and any third party regarding the Asserted Image, including but not limited to any allegations of infringement, any offer or request to license, transfer or assign rights in the Asserted Image, and/or any inquiry regarding the Asserted Image.

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is overly broad, unduly burdensome, vague, ambiguous and unlimited as to time or scope. Plaintiff also objects to this interrogatory on the basis that it seeks information that is privileged and confidential attorney client communications and/or is protected under the attorney client, attorney work-product, and/or investigation privilege. Plaintiff further objects to this interrogatory on the basis that it is overbroad, unduly burdensome, and – to the extent that it seeks information relating to licenses and/or allegations of infringements of parties not involved in the instant action – is not relevant to any claims or defenses in this case and thus is not proportionate to the needs of the case.

Subject to and without waiver of this objection, after a diligent search, Plaintiff is unable to find responsive information. Plaintiff reserves the right to supplement this answer as discovery has just begun.

7. Identify any person besides You that You contend has the right or any other permission to use all or part of the Asserted Image.

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is vague and ambiguous; using the phrase "other permission to use" without providing definition and/or context. Plaintiff also

objects to this request to the extent that it requires Plaintiff to make a legal interpretation of the phrase "other permission to use."

Subject to and without waiver of this objection, none.

8. Identify any copyright notice, watermark or other symbol, feature or characteristic that You contend was "scrapped" from the Asserted Image by Defendant, as that term is used in 10 of the Complaint.

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is unreasonably cumulative and duplicative, and seeks information already provided in Plaintiff's Complaint.

Subject to and without waiver of this objection, Plaintiff generally refers Defendant to paragraph 8-10 and 21 of the Complaint, as well as Exhibit 1, which is factual, substantial, and correct. Plaintiff added his copyright notice as a watermark on the face of the image, as well as the caption of the work as published on performanceimpressions.com, and in the metadata which read "© 2014 David Oppenheimer."

9. Describe in detail how You identified or came to be aware of EC's alleged use of the Accused Image, as identified in paragraph 9 or the Complaint.

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is unreasonably cumulative and duplicative, and seeks information already provided in Plaintiff's Complaint.

Subject to and without waiver of this objection, Plaintiff generally refers Defendant to paragraph 9 of the Complaint, as well as Exhibit 3, which is factual, substantial, and correct. On or about February 21, 2018, through a Google search, Plaintiff discovered that Defendant was displaying his Work on at least the following URLs:
- http://www.episcopalcommunicators.org/event-2729332;
- http://www.episcopalcommunicators.org/resources/Pictures/Kanuga%20lake.png;
- http://episcopal-communicators.wildapricot.org/EpisComm18-Registration; *and*
- http://episcopal-communicators.wildapricot.org/resources/Pictures/Kanuga%20lake.png.

**FIRST SUPPLEMENTAL RESPONSE:**

Plaintiff objects to this interrogatory on the basis that it is unreasonably cumulative and duplicative, and seeks information already provided in Plaintiff's Complaint.

Subject to and without waiver of this objection, in addition to the response stated above, Plaintiff discovered Defendants' infringing use of the Copyrighted Work through a reverse Google Image search. Plaintiff was prompted to conduct this search after he realized that other individuals and companies had copied and displayed the Copyrighted Work on separate occasions without his authorization or license. This was done in an attempt to maintain control over his intellectual property, or else suffer the complete dilution of his Work. Plaintiff did not enter any "search terms" and/or "parameters" in his search, but simply uploaded the Copyrighted Work onto Google Images' "Search by image" function, which returned Defendants' URL, www.episcopalcommunicators.org.

10.  Identify and describe in detail all revenues and profits obtained by You from your alleged ownership of or other rights associated with the Asserted Image, including any revenues and/or profits from any sales of the Asserted Image, any licensing of the Asserted Image, or any other revenue or profits that you contend flow from your ownership of any rights in the Asserted Image.

RESPONSE:

Plaintiff objects to this interrogatory because it is overbroad, unduly burdensome, vague, ambiguous and unlimited as to time or scope. Plaintiff runs a sole proprietor business and does not have the capability of conducting a global search of this magnitude. Plaintiff further objects to this interrogatory because it calls for information that is confidential, proprietary business and/or trade secret information which, if disclosed could give Defendants a competitive advantage. Plaintiff further objects to this interrogatory because it calls for records relating to licensing fees or other revenues received by Plaintiff for use of his images from persons or entities other than this Defendant. Any documents relating to any license fees from anyone other than the Defendant or that relate to any images other than the Asserted Work, are unrelated to any claim or defense of any party to this litigation and therefore, not proportionate to the needs of the case.

Subject to and without waiver of the objection, Plaintiff has never received any revenue or profit from Defendant associated with his Work.

11. Identify any and all actual damages suffered by You associated with Defendant's alleged use of the Accused Image.

RESPONSE:

Plaintiff objects to this interrogatory on the basis that it is unreasonably cumulative and duplicative, and seeks information already provided in Plaintiff's Rule 26(a) Disclosures.

Subject to and without wavier of this objection, Plaintiff refers Defendants to its Rule 26(a) Disclosures, as well as to 17 USC §504(c), 505, and 1203 vis-à-vis statutory damages and attorney's fees damages for violations of the Copyright Act and the Digital Millennium Copyright Act. Discovery is ongoing and Plaintiff will supplement as more information is provided relating to the calculation of Plaintiff's damages.

**FIRST SUPPLEMENTAL RESPONSE:**

Plaintiff objects to this interrogatory on the basis that it is unreasonably cumulative and duplicative, and seeks information already provided in Plaintiff's Rule 26(a) Disclosures.

Subject to and without wavier of this objection, a one-year, non-exclusive, worldwide promotional license of the Copyrighted Work for use on a website, up to ½ of the screen costs $4,594.00. Plaintiff further refers Defendants to the document bates labeled Oppenheimer-Episcopal 000025-000026.