**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:19-cv-00282-MR**

| | |
|---|---|
| **DAVID OPPENHEIMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| **EPISCOPAL COMMUNICATORS,** | ) |
| **INC.,** | ) |
| **Defendant.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendant's Motion to

Compel [Doc. 15].

## I. BACKGROUND

On September 30, 2019, the Plaintiff David Oppenheimer (the

"Plaintiff") filed this action against the Defendant Episcopal Communicators,

Inc. (the "Defendant") asserting claims under the Copyright Act, 17 U.S.C.

§§ 101 et seq. and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C.

§§ 1202, et seq. [Doc. 1]. In his Complaint, the Plaintiff alleges that the

Defendant infringed on one of his copyrights by publishing one of his

copyrighted photographs (the "Work") on its website. [Id. at ¶ 10].

Specifically, the Plaintiff alleges the Defendant either non-willfully (Count I)

or willfully (Count II) infringed on his copyrights by publishing the Work and

violated the DMCA by removing copyright management information ("CMI") from the Work before publishing it (Count III). [Id. at 5-7]. On January 21, 2020, the Defendant answered the Complaint. [Doc. 8].

On March 20, 2020, the Defendant served its First Set of Interrogatories and Requests of Production on the Plaintiff. [Doc. 16-1; Doc. 16-2]. On April 23, 2020, the Plaintiff served untimely and incomplete responses. [Doc. 16-3; Doc. 16-4]. The Plaintiff asserted several objections, including attorney-client privilege and numerous boilerplate objections. [Doc. 16-3; Doc. 16-4]. The Plaintiff, did not, however, provide Defendant with a privilege log and provided no further detail regarding the application of the attorney-client privilege to the specific documents at issue.

On May 22, 2020, the Defendant's counsel sent a letter to the Plaintiff's counsel detailing issues with the Plaintiff's responses and requesting supplemental responses. [Doc. 16-5]. The letter indicated that the Defendant would file a motion to compel if the Plaintiff failed to supplement his responses. [Id.]. On May 29, 2020, the parties held a meet and confer to attempt to resolve the discovery dispute.

On June 1, 2020, the Defendant filed a Consent Motion for Protective Order. [Doc. 13]. On June 9, 2020, the Court entered an Order granting the Motion and entered a Protective Order. [Doc. 14].

On June 8, 2020, the Plaintiff provided supplemental responses to the Defendant's requests. [Doc. 16-9; 16-10]. Those responses produced additional information for some requests and maintained objections on others. [Id.].

On June 19, 2020, the Defendant filed the present Motion, asking the Court to compel the Plaintiff provide full and complete responses to the Defendant's Interrogatories and Requests for Production ("RFPs") and to order the Plaintiff to pay the Defendant's fees and costs incurred in bringing the Motion. [Doc. 16]. On July 6, 2020, the Plaintiff filed a response. [Doc. 17]. On July 13, 2020, the Defendant replied. [Doc. 18].

## II.    STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

The Defendant moves to compel responses to Interrogatory 1; Interrogatory 2; Interrogatory 3; Interrogatory 9; Interrogatory 11; RFP 3; RFP 4; RFP 5; RFP 10; RFP 14; and RFP 15. Those discovery requests seek roughly four types of information: (1) information and documents related to the Plaintiff's copyrights in the Work and other photographs, including the Plaintiff's prior copyright assertions, lawsuits, settlement agreements, and licensing agreements related to aerial photography (Interrogatories 1, 2, and 3, and RFPs 4, 5, and 14); (2) information and documents related to the Plaintiff's discovery of the Defendant's alleged infringement (Interrogatory 9 and RFP 10); (3) information and documents regarding the Plaintiff's alleged actual damages (Interrogatory 11 and RFP

15); and (4) representative samples of all other publications of the Work and license, transfer, or assignments for any publications by other persons (RFP 3). [Doc. 16 at 4].

### A. Copyright Assertions, Lawsuits, Settlements, and Licenses

The Defendant's first group of discovery requests seek information and documents related to the Plaintiff's licensing and protection of his copyrights and the amounts recovered from any assertions of those copyrights. The Plaintiff objects to those requests, claiming that they are vague, ambiguous, irrelevant to any claim or defense, overbroad, not proportionate to the needs of the case, and overly burdensome. [Doc. 16-3 at 4; Doc. 16-4 at 5-6]. The Plaintiff also objects that those requests seek information that is equally accessible to the Defendant. [Id.]. The Plaintiff further objects that the Defendant seeks information that is confidential and protected by attorney-client, work-product, and/or investigation privilege. [Id.]. Finally, the Plaintiff objects that the Defendant seeks copies of licenses, assignments, transfers, and agreements that contain proprietary and confidential business information. [Doc. 16-10 at 11] Despite his objections, the Plaintiff disclosed that he previously asserted his rights in the Work in Oppenheimer v. Kenney, 1:18-cv-000252 (W.D.N.C. 2018) and against Alliance of Devine Love, Inc.

[Doc. 16-9 at 4].  The Plaintiff did not provide the amounts recovered in either instance.  [Id.].

### 1.    Boilerplate Objections

The Plaintiff's vagueness, ambiguousness, relevance, overbreadth, and proportionality objections are boilerplate objections.  Such objections have been declared invalid by several courts.  See, e.g., Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 364 (D. Md. 2008; Barb v. Brown's Buick, Inc., No. 1:09CV785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (unpublished); Hy–Ko Prods. Co. v. Hillman Group, Inc., No. 5:09MC32, 2009 WL 3258603, at *2 (E.D.N.C. Oct. 8, 2009) (unpublished); Mills v. East Gulf Coal Preparation Co., 259 F.R.D. 118, 132 (S.D. W. Va.2009); Cappetta v. GC Servs. Ltd. P'ship, No. 3:08CV288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (unpublished).  The assertion of such boilerplate objections is grounds for overruling the Plaintiff's objections.  Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 247 (M.D.N.C. 2010).

In any event, those objections have little applicability here.  The Plaintiff does not even try to explain what is vague about a request for copies of his past licensing and settlement agreements.  The Plaintiff also does not clarify what is vague or ambiguous about asking for a list of his previous lawsuits or the instances where he has asserted copyrights against a third-party.  As

such, the Plaintiff's vagueness and ambiguousness objections are without merit.

Further, the relevance objections are also without merit. The Plaintiff's photography revenue, prior copyright assertions, and prior copyright infringement lawsuits are relevant to the statutory damages at issue in this matter. See Oppenheimer v. Holt, No. 1:14-CV-000208-MR, 2015 WL 2062189, at *2 (W.D.N.C. May 4, 2015) (Reidinger, J.) (stating that "the revenue lost by the copyright holder" and "the conduct and attitude of the parties" are relevant for the purposes of determining statutory damages under the Copyright Act) (citation omitted). As such, instances where the Plaintiff has asserted his rights in his copyrights, the amounts recovered from those assertions, and the Plaintiff's licensing agreements are all relevant here. Likewise, other courts have held that settlement agreements are relevant to the issue of damages in intellectual property cases. See Smith v. NBC Universal, No. 06 Civ. 5350, 2008 WL 483604, at *4 (S.D.N.Y. Feb. 22, 2008) ("[E]vidence of the settlements and their amount are relevant to a determination of the amount of statutory damages . . ."); see also Small v. Nobel Biocare USA, LLC, 808 F. Supp. 2d 584, 586-92 (S.D.N.Y. 2011) (finding settlement agreement relevant to royalty in patent infringement

action). As such, the settlement agreements are relevant here and can be disclosed.

The Defendant's requests also are not overbroad, disproportionate, or overly burdensome. While the Plaintiff asserts that his "perceived value in the [Work] is better shown through the quoted price for a 1-year, worldwide, nonexclusive license which he produced in discovery[,]" [Doc. 17 at 11], the Plaintiff does not dispute that his past recoveries, licenses, and settlement agreements are relevant to the value of his photographs, which is the standard for discoverability under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1). Moreover, the Plaintiff provides no information regarding the number of licensing agreements he has entered, the number of settlement agreements he has entered, or the number of lawsuits he has filed. The Plaintiff also does not explain how a narrower request would provide the Defendant with the relevant information that it seeks. While the Plaintiff has disclosed that he has only asserted his copyrights in the Work on two occasions, he does not provide any information regarding the amounts recovered in those instances or the revenue he has made from other photographs. In sum, the Plaintiff has not provided anything from which the Court can conclude that the Defendant's request is disproportionate or overbroad.

Moreover, the Plaintiff provides no detailed information from which the Court can determine that the Defendant's requests are unduly burdensome. The Plaintiff does not describe how the requested information is stored or how easily that information can be accessed. Instead, the Plaintiff merely claims that he is a "sole-practitioner photographer" and that it will be difficult for him to go through all of his agreements from the last fifteen years. That is insufficient to show any undue burden. As such, the Plaintiff's overbreadth, proportionality, and burden objections are without merit.

### 2. Equal Access Objection

The Plaintiff's objections that the requested information is equally accessible to the Defendant is also without merit. While it is true that "discovery need not be required of documents of public record[,]" Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 201 n.81 (N.D. W. Va. 2000), the Defendant requests all *assertions* of the copyright in the Work and other photographs. The Defendant has no way of accessing the Plaintiff's cease and desist letters, license demands, and other non-public communications where he asserted his copyrights. The Defendant also requests the amounts that the Plaintiff recovered as a result of his lawsuits, settlement agreements, and other copyright assertions. The Defendant either has limited or no access to that information. Further, the Defendant

9

has no access to the Plaintiff's licensing agreements. As such, the Defendant does not have equal access to the requested information. Accordingly, the Plaintiff's equal access objection is without merit.

### 3. Confidentiality Objection

The Plaintiff's objections regarding the confidentiality of the settlement agreements are also without merit. While Federal Rule of Evidence 408 bars the admission of settlement communications and agreements at trial for certain purposes, "nothing in Rule 408 renders such materials privileged against discovery." Morgan Art Found. Ltd. v. McKenzie, No. 18-CV-4438 (BCM), 2020 WL 3578251, at *5 (S.D.N.Y. July 1, 2020). "The simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery." Conopco, Inc. v. Wein, 2007 WL 1040676, at *5 (S.D.N.Y. Apr. 4, 2007). "Simply put, litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality." DirecTV, Inc. v. Puccinelli, 224 F.R.D. 677, 684-85 (D. Kan. 2004). As such, the confidentiality provisions in the settlement agreements do not bar their disclosure.

The Plaintiff, however, argues that the majority of courts[1] "'considering the issue have required the requesting party to meet a heightened standard in deference to Federal Rule of Evidence 408 and the public policy to encourage settlements and to uphold confidentiality provisions.'" [Doc. 17 at 10 (citation omitted)[2]]. The heightened standard requires "some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement." Bottaro v. Hatton Assocs., 96 F.R.D. 158 (E.D.N.Y. 1982). Other courts, however, have rejected the heightened standard and treated settlement agreements like any other material discoverable under Federal Rule of Civil

---

[1] Although the Plaintiff asserts that the majority of courts require a heightened standard for discovering confidential settlement agreements, it is unclear if that statement accurately characterizes the current view. See Small, 808 F. Supp. 2d at 587 (stating while "district courts in [the Second] Circuit have in the past disagreed as to whether discovery of settlement agreements requires a heightened showing of relevance, the majority view is now that no such heightened showing is required."); Gen. Elec. Co. v. DR Sys., Inc., No CV 06-5581(LDW)(ARL), 2007 WL 1791677, at *1 (E.D.N.Y. June 20, 2007) (stating that "clearly the most recent view [is] that Rule 26's relevancy standard applies to the disclosure of settlement documents.").

[2] Although the Plaintiff attributes this quotation to Westport Ins. Corp. v. Constangy, Brooks & Smith, LLC, No. CV 3:05-2651-JFA, 2006 WL 8446876, at *7 (D.S.C. Sept. 15, 2006), that citation is incorrect. Instead, the relevant quotation appears to be from Cadmus Commc'ns Corp. v. Goldman, No. CIV.A.3:05CV257, 2006 WL 3359491, at *3 (W.D.N.C. Nov. 17, 2006) ("the majority of courts considering the issue have required the requesting party to meet a heightened standard in deference to Federal Rule of Evidence 408 and the public policy to encourage settlements and to uphold confidentiality provisions.") (citation omitted)).

Procedure 26.  See, e.g., Church Mut. Ins. Co. v. Coutu, No. 17-CV-00209-RM-NYW, 2017 WL 11547321, at *5 (D. Colo. Aug. 22, 2017).[3]

When Congress drafted the Federal Rules, it specifically chose to protect settlement agreements with limits on "the admissibility of settlement material rather than limits on their discoverability."  In re Subpoena Issued to Commodity Futures Trading Comm'n, 370 F. Supp. 2d 201, 211 (D.D.C. 2005) (citation omitted), aff'd in part on other grounds sub nom. In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n, 439 F.3d 740 (D.C. Cir. 2006).  As such, "Rule 408 is a preclusionary rule, not a discovery rule."  Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc., 831 F. Supp. 1516, 1531 (D. Colo. 1993). Indeed, "the Rule on its face contemplates that settlement documents may be used for several purposes at trial, making it unlikely that Congress anticipated that discovery into such documents would be impermissible."  In re Subpoena, 370 F. Supp. 2d at 211.  Because the Federal Rules do not impose a limitation on the discovery of relevant confidential settlement agreements, the Court will not impose a heightened standard here.

---

[3] The Fourth Circuit has yet to decide if the discovery of confidential settlement agreements requires the moving party to meet a heightened standard.

Moreover, any issues associated with allowing discovery of the confidential settlement agreements will be mitigated by the protective order that has been entered in this case. Other courts have ordered the production of settlement agreements where the confidentiality of those agreements will remain protected. Allergan, Inc. v. Teva Pharm. USA, Inc., No. 2:15-CV-1455-WCB, 2017 WL 132265, at *1 (E.D. Tex. Jan. 12, 2017) (collecting cases). As the Fourth Circuit has explained, protective orders can help "alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case." Virmani v. Novant Health Inc., 259 F.3d 284, 288 n. 4 (4th Cir. 2001). Because a protective order has been entered in this matter, the confidentiality of the settlement agreements will remain protected. Accordingly, the Plaintiff's confidentiality objection is without merit.

### 4. Privilege Objection

The Plaintiff's privilege objections[4] are also without merit. Under Federal Rule of Civil Procedure 26, a party who withholds discoverable

---

[4] While the Plaintiff claims that the documents are protected by "attorney-client, work-product, and/or investigation privilege[,]" [Doc. 16-9 at 2, 3, 5; Doc. 16-10 at 4, 7, 11], the Plaintiff cites no authority to support such an "investigation privilege". Moreover, the work-product privilege does not apply to these documents because they do not involve the "files or mental impressions of an attorney." Hickman v. Taylor, 329 U.S. 495, 527 (1947). As such, the Court will only analyze the Plaintiff's objections based on attorney-client privilege.

13

information on the ground that the information is privileged "must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A). Typically, this description takes the form of a privilege log.  Mezu v. Morgan State Univ., 269 F.R.D. 565, 577 (D. Md. 2010); Smith v. Café Asia, 256 F.R.D. 247, 250 (D.D.C. 2009).  "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege."  Travelers Indemnity Co. v. Allied Tube & Conduit, Corp., No. 1:08cv548, 2010 WL 272579, at * 1 (W.D.N.C. Jan. 15, 2010) (Howell, Mag. J.); Mezu, 269 F.R.D. at 577 ("a privilege log . . . must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege."); AVX Corp. v. Horry Land Co., Inc., No. 4:07cv3299, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege."). Because the Plaintiff did not produce a privilege log as required by Rule 26, the Plaintiff has waived his privilege claims.  Even if the Plaintiff had produced a privilege log, "courts have generally declined to recognize a

privilege that would preclude discovery for the purpose of settlements or settlement negotiations." Newman & Assocs. v. J.K. Harris & Co., LLC, No. 04CIV.9264(RJH)(MHD), 2005 WL 3610140, at *2 (S.D.N.Y. Dec. 15, 2005). (citation omitted). As such, the Plaintiff's privilege claims are without merit.

### 5. Business Information Objection

The Plaintiff's objection related to the disclosure of confidential and proprietary business information is also without merit. While the Plaintiff claims that the disclosure of his proprietary and confidential information will "tend to get others a competitive advantage[,]" [Doc. 16-10 at 11], he does not claim that the Defendant is a competitor and does not otherwise explain how giving the Defendant access to any confidential information would or create a competitive disadvantage or threaten his business interests. Moreover, a protective order has been entered in this case, which helps "alleviate problems and concerns regarding both confidentiality and scope of the discovery material produced in a particular case." Virmani, 259 F.3d at 288 n. 4. As such, there is little risk that the disclosure of the Plaintiff's licensing or settlement agreements will threaten the Plaintiff's business interests, even if those agreements contain confidential or proprietary information. Accordingly, the Plaintiff's business information objection is without merit.

**B.    Discovery of the Defendant's Alleged Infringement**

The Defendant's second group of discovery requests seek information and documents regarding the Plaintiff's discovery of the Defendant's alleged infringement.  The Plaintiff objects to those requests, claiming that they seek information that is already provided in the Complaint and are unreasonably cumulative and duplicative.  [Doc. 16-9 at 8].  The Plaintiff further objects that the Defendant's requests call for him to marshal all his evidence in violation of the Federal Rules of Civil Procedure.  [Doc. 16-10 at 9].  The Plaintiff also objects that the Defendant failed to comply with L.R. 7.1(b) by failing to make a good faith attempt to resolve this dispute before filing this Motion.  [Doc. 17 at 20].  Despite his objections, the Plaintiff disclosed that he discovered the alleged infringement by conducting a "reverse Google Image search" after realizing that other individuals and companies had copied the Work.  [Doc. 16-9 at 8].

The Plaintiff's objections regarding the duplicative and cumulative nature of the requests are without merit.  The Plaintiff does not explain how the requests are cumulative or duplicative, and the Court cannot identify other requests that seek information about the Plaintiff's discovery of the alleged infringement or any other place where the Plaintiff provided the Defendant with that information.

16

The Plaintiff also is simply incorrect to claim that the Defendant's requests seek information that is already provided in the Complaint. The relevant allegations in the Complaint state that "[f]ewer than three years before this filing, Oppenheimer discovered the infringement of his protected image on Defendant['s] website . . . ." [Doc. 1 at ¶ 9]. That allegation provides no information, however, about *how* the Plaintiff discovered the alleged infringement. That allegation also provides no information about why the Plaintiff was searching for infringement on his copyrights. As such, the Defendant's requests seek much more than just what is alleged in the Complaint.

Further, the Plaintiff's objections regarding the need to "marshal all his evidence" are without merit. The Plaintiff cites no authority to support that objection and other courts have found that "it is not a cognizable objection to a discovery request to allege that the request requires the responding party to 'marshal the evidence.'" Heuskin v. D&E Transp., LLC, No. CV 19-957 MV/GBW, 2020 WL 1450575, at *3 (D.N.M. Mar. 25, 2020).

Finally, the Defendant complied with L.R. 7.1 by raising this discovery dispute with the Plaintiff, holding a meet and confer to resolve the issue, and giving the Plaintiff time to supplement his responses. The Local Rules do

not give the Plaintiff endless opportunities to supplement his deficient responses to respond to issues raised by the Defendant.

For all these reasons, the Plaintiff's objections to the Defendant's second group of requests are without merit.

## C.   Evidence of Actual Damages

The Defendant's third group of discovery requests seek information and documents regarding the Plaintiff's alleged actual damages.   The Plaintiff objects to those requests, claiming that they are unreasonably cumulative and duplicative and seek information that is already provided in his disclosures.   [Doc. 16-9 at 9].   The Plaintiff also objects that the Defendant's requests call for him to marshal all his evidence in violation of the Federal Rules of Civil Procedure.   [Doc. 16-10 at 12].   Nevertheless, the Plaintiff provided a quote stating that he would have charged the Defendant $4,594 for using the Work.   [Doc. 16-10 at 13-14].

The Plaintiff again does not provide any basis for claiming that these requests are unreasonably cumulative or duplicative.   While some of the Defendant's other requests may encompass evidence that weighs on the Plaintiff's actual damages, those requests are not duplicative or cumulative of this one, which specifically seeks "*any and all* actual damages" suffered by the Plaintiff.   [Doc. 16-9 at 9 (emphasis added)].

Further, contrary to the Plaintiff's claims, the price quote in the Plaintiff's disclosures is insufficient to respond to the Defendant's requests. The quote does not provide the only measure of the Plaintiff's actual damages. Moreover, during the meet and confer, the Defendant asked the Plaintiff to provide additional information regarding the formation of that price quote, not just the price quote itself. As such, the Defendant's requests seek information beyond the lone price quote that the Plaintiff has provided in its disclosures.

Finally, as discussed above, the Plaintiff's objections regarding the need to "marshal all his evidence" are without merit. <u>Heuskin</u>, 2020 WL 1450575, at *3.

For all these reasons, the Plaintiff's objections to the Defendant's third group of requests are without merit.

### D. Other Publications of the Work

The Defendant's fourth category of discovery requests seeks representative samples of all publications of the Work and any licenses, transfers, or assignments for publications of the Work by other persons. [Doc. 16-10 at 5]. The Plaintiff objects to the Defendant's request as

overbroad, unduly burdensome, vague, and ambiguous. [Id.].[5]

Nevertheless, the Plaintiff disclosed that the Work is published on a website that he maintains and provided a few places where he had published the Work. [Doc. 16-10 at 15-17].

As discussed above, the Plaintiff's assertion of boilerplate objections constitutes grounds for overruling all of his objections. Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 247 (M.D.N.C. 2010). Moreover, the Plaintiff's ambiguousness and vagueness objections are improper here. The Plaintiff does not describe how it is ambiguous or vague to request any licenses, transfers, or assignments associated with publications of the Work. Moreover, during the meet and confer, the Defendant explained that it sought all publications of the Work to ensure that it did not obtain the Work from a source that had already removed the Plaintiff's copyright management information. [Doc. 16 at 23]. Such evidence is relevant to the Plaintiff's DMCA claim, which imposes liability only if the Defendant removed the Plaintiff's copyright management information or distributed the Work knowing

---

[5] The Plaintiff also claims that the Defendant's request for the images published by the defendant in Oppenheimer v. Kenney, 1:18-cv-000252 (W.D.N.C. 2018) and by Alliance of Devine Love, Inc. do not fall within the Defendant's request because they were "infringing uses, not publications authorized by [the Plaintiff]." [Doc. 17 at 22]. The Defendant's request solicits "all publications" of the Work, not just publications that were authorized by the Plaintiff. [Doc. 16-9 at 4]. The Plaintiff's "hair splitting distinctions" are an improper basis for opposing the Defendant's requests. Poole v. Textron, Inc., 192 F.R.D. 494, 499 (D. Md. 2000).

that the Plaintiff's copyright management information had been removed. 17 U.S.C. § 1202(b)(1)-(3). As such, the Plaintiff's vagueness and ambiguousness objections are without merit.

The Plaintiff's overbreadth and burden objections are also inappropriate here. While the Plaintiff may have to spend some time and effort to locate other publications of the Work, he has undertaken such searches in the past for his own purposes. [Doc. 16-9 at 7-8]. Having done so, he cannot now claim that conducting a similar search would be overly burdensome here. Moreover, the Plaintiff admits in his response to Interrogatory 5 that he was unable to find any licenses, assignments, transfers, settlements, or other permissions that granted another party permission to use the Work. [Doc. 16-9 at 5]. As such, he already has undertaken the burden of searching for any documents that are responsive to the latter half of the Defendant's request.

For these reasons, the Plaintiff's objections to the Defendant's fourth category of requests are without merit. Because the Plaintiff's other objections are also without merit, and the Defendant seeks discovery that is relevant to the claims and defenses in this matter, proportional to the needs of the case, and not privileged, the Defendant's Motion to Compel [Doc. 15] will be granted. Fed. R. Civ. P. 26(b)(1).

### E.  Attorney's Fees

When a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The Court must not order payment, however, if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

The Defendant has not yet submitted any information regarding the costs and fees that it incurred in bringing its Motion to Compel.  The Court will direct the Defendant to file, within seven (7) days from the entry of this Order, the number of hours reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community.  See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243–244 (4th Cir. 2009).  To provide the opportunity for hearing required by Rule 37(a), the Court will direct the Plaintiff to show cause in writing, within fourteen (14) days of the Defendant's filing, why the Court

should not award the Defendant its costs and fees.  The Plaintiff's filing shall be no greater than ten (10) pages.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel [Doc. 15] is **GRANTED**.  The Plaintiff shall serve the responses so compelled within ten (10) days of the entry of this order.

**IT IS FURTHER ORDERED** that the Defendant shall file, within seven (7) days from the entry of this Order, the number of hours reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community.  The Plaintiff is ordered to show cause, within fourteen (14) days of the Defendant's filing, why the Court should not award the Defendant its costs and fees incurred in bringing the Motion.

**IT IS SO ORDERED.**

Signed: August 14, 2020

Martin Reidinger
Chief United States District Judge